# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GOLDA M. HUMPHREY,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-879-Orl-31DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **COMMISSIONER'S MOTION TO REMAND (Doc. No. 10)**
>
> **FILED:** October 10, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause has come before the Court upon the motion of the Defendant to remand this case to the Commissioner for further administrative action pursuant to Sentence 6 of Section 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. 405(g) and 1383(c)(3) because the record lacks omitted evidence not entered from sections A,B,D, and E of the modular disability file. According to the Commissioner, although the evidence was present in the file, the administrative law judge did not admit any such material into the record by means of identifying said evidence either by describing

the items on an exhibit list, or by numbering the items as exhibits considered in the hearing decision. *See* Doc. No. 10. Thus, the Commissioner is unable to prepare the certified administrative record. *Id.*

Plaintiff is not opposed to having the Social Security Administration submit the omitted records as a supplement to the record or a remand for additional proceedings regarding the omitted documents for confirmation that such material was considered prior to its admission to the record, with imposition of a "reasonable time frame" for the Commissioner to produce the records. Doc. No. 12.

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1092-93 (11th Cir. 1996).

Sentence six of 42 U.S.C. § 405(g) provides, in pertinent part:

The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner.

42 U.S.C. § 405(g). With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. *Jackson*, 99 F.3d at 1095. The Commissioner proposes on remand that the Appeals Council will issue a notice proposing to admit relevant documents, such as the benefit application and procedural documents, into the record, which will be accomplished unless Plaintiff's representative presents a valid objection to the admission of such evidence. Doc. No. 10 at 2-3. Absent any objections from Plaintiff's

representative, the Appeals council will then prepare a certified record for submission to the court. *Id.*

Upon consideration of the Motion, and the grounds urged in support thereof, it is **RECOMMENDED** that the Motion be **GRANTED** and the case be remanded to the Commissioner of Social Security in order to properly prepare the certified administrative record for submission to the Court within 90 days of any Order adopting this Recommendation.  It is also respectfully **RECOMMENDED** that the Commissioner be directed to file a status report with the Court every thirty days until the certified record is filed and that the Clerk of the Court be directed to administratively close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 17, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy